**Electronically Filed
Supreme Court
SCAD-16-0000540
27-SEP-2016
09:58 AM**

SCAD-16-0000540

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

JERRY I. WILSON,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case No. 15-006-9225)

<u>ORDER OF SUSPENSION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Intermediate Court of Appeals Associate Judge Foley,
in place of Pollack, J., recused)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, the Stipulation of Facts, Conclusions of Law and Proposed Recommendation for Discipline reached by Respondent Jerry I. Wilson and the Office of Disciplinary Counsel (ODC), and the record, we conclude that, between February 1, 2014 and January 31, 2015, the client trust account maintained by Respondent Wilson primarily received his monthly Social Security payments, with no deposits of client funds identified and, during the same period, Respondent Wilson made 61 withdrawals by check

in favor of himself as well as payments by check to a variety of Honolulu businesses and 150 electronic transfers to local and national companies, at a time when there were substantial federal and state tax liens outstanding against him. We further conclude Respondent Wilson misrepresented, in his 2014 and 2015 registration with the Hawaiʻi State Bar Association, that he was operating his client trust account in accordance with the relevant court rules, including Rule 11 of the Rules of the Supreme Court of the State of Hawaiʻi and Rule 1.15 of the Hawaiʻi Rules of Professional Conduct (HRPC), when he was not. We conclude this conduct violated HRPC Rules 1.15(a), 1.15(b), and 8.4(c) (2014) and caused actual and potential harm to the legal system and the public.

In aggravation, we find Respondent Wilson had a dishonest or selfish motive, substantial experience of more than 35 years in the practice of law, and one prior discipline in 1992 and that, in the present matter, there were multiple offenses and a pattern of misconduct. We note that, in his initial answer to ODC, Wilson did not admit the wrongful nature of his conduct.

In mitigation, we note Wilson has expressed remorse and a cooperative attitude toward the proceedings and that, once notified of the client trust account violations by ODC, took steps to rectify the situation by opening a regular account and redirecting his benefits to the new account. Therefore, it appearing suspension is warranted,

IT IS HEREBY ORDERED that Respondent Jerry I. Wilson is suspended for a period of 120 days from the practice of law in

2

this jurisdiction, effective 30 days after the date of entry of this order, as authorized by Rules 2.3(a)(2) and 2.16(d) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Wilson shall submit an affidavit demonstrating compliance with RSCH Rule 2.16(d) within 10 days after the effective date of his suspension.

IT IS FURTHER ORDERED that Respondent Wilson shall pay all costs of the proceedings, as approved upon a timely submission of a bill of costs, as authorized by RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that the Disciplinary Board shall remind Respondent Wilson that he may not resume the practice of law until reinstated by order of this court, pursuant to RSCH Rule 2.17.

DATED: Honolulu, Hawaiʻi, September 27, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Daniel R. Foley